|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DUANE BERNARD HARRIS, §
§
    Petitioner, §
§
*versus* § CIVIL ACTION NO. 1:11-CV-24
§
DIRECTOR, TDCJ-CID, §
§
    Respondent. §

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Duane Bernard Harris, an inmate confined at the Stiles Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to a United States Magistrate Judge at Beaumont, Texas for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections are without merit.

A petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a compliant pursuant to 42 U.S.C. § 1983 provides the proper vehicle to challenge unconstitutional conditions of confinement and prison procedures. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). As explained in the Report, petitioner's claims do not contest the fact or duration of his confinement because he is not eligible for release on mandatory supervision. Accordingly, petitioner's claims are not cognizable in a petition for writ of habeas corpus. Petitioner's claims do not serve as a basis for habeas corpus relief, but rather form the

basis for a claim under 42 U.S.C. § 1983. *See Spencer v. Bragg*, 310 Fed. Appx. 678, 2009 WL 405864, at *1 (5th Cir. Feb. 18, 2009); *Schipke v. Van Buren*, 239 Fed. Appx. 85, 2007 WL 2491065, at *1 (5th Cir. Aug. 30, 2007); *Cook v. Hanberry*, 596 F.2d 658, 660 n.1 (5th Cir. 1979). Thus, petitioner must pursue his claims by filing an appropriate civil rights action.

Furthermore, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

**ORDER**

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 6th day of December, 2012.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE